THE WHEELER SYNDICATE, INC., Plaintiff, *v.* JOHN N. WHEELER and JOHN N. WHEELER, INC., Defendants.

(Supreme Court, New York Special Term, March, 1917.)

Injunctions — action for — corporations — use of name — unfair trade competition.

Where defendant, the proprietor of a syndicate business, sold it and the right to use his name to a corporation, he may be restrained from engaging under his own name in the same kind of business in the same city, as may also a corporation thereafter formed by him to which he gave a name so similar as to cause such confusion and mistake as to amount to unfair trade competition.

THE nature of the action and the facts, so far as material, are stated in the opinion.

Taylor, Kelley, Becker & Roberts (Charles E. Kelley and Gilbert W. Roberts, of counsel), for plaintiff.

Brennan, Curran & Bleakley (John F. Brennan, of counsel), for defendants.

GIEGERICH, J. The action is brought to restrain the defendants from using the name " Wheeler " in the newspaper syndicate business. There is no substantial dispute as to the facts. The defendant John N. Wheeler, who had for a long time been engaged personally in the newspaper syndicate business under his own name, turned over to the plaintiff corporation when it was organized his business, receiving in return

stock of that company. The corporate resolution by which Mr. Wheeler's offer was accepted enumerated, among other things received by the company, '' the use of his name by this company.'' He was present as one of the directors at the meeting at which this resolution was adopted and voted for it and signed the corporation minutes as secretary. The agreed amount of the stock was issued to him in payment for the rights thus sold to the company, which proceeded to do business and prospered. After about three years the defendant Wheeler sold his stock in the company to one of the organizers of the company and resigned as a director and president, and in the conversation held with the purchaser of his stock that purchaser mentioned the fact that his (Wheeler's) '' name belonged to the company,'' to which statement Wheeler made no reply. Shortly after Wheeler retired from the plaintiff company he formed the defendant corporation, to which he gave the name '' John N. Wheeler, Incorporated,'' and began the same kind of business as the plaintiff had been and is still engaged in, which consists in retailing to various newspapers illustrations, fiction and miscellaneous literary material furnished to the syndicate by various people, by which method the material furnished receives wider circulation than it could otherwise have and can be furnished to the individual papers at a lower rate than could be otherwise afforded. Upon the trial the plaintiff showed that considerable confusion had arisen owing to the similarity of names and the like kind of business in which the two corporations were engaged. Customers of the plaintiff have addressed the defendants, and money due the plaintiff has been sent to the defendants, and complaints about service meant for the defendants have been sent to the

plaintiff. Offers of new business, either by the plaintiff or by the defendants, have been mistaken by customers to whom such business has been offered. Upon such facts I think the plaintiff is entitled to the injunction sought. The case is not to be decided as though the defendant Wheeler were a stranger to the plaintiff and was starting in the same line of business as the plaintiffs under his own name or even the name " John N. Wheeler, Inc.". He is under a special contract obligation to the plaintiff. The right to use his name which he sold to the plaintiff for a valuable consideration would be of little value if it were held that he was free to start in the same city in a directly competitive business under the circumstances shown in this case. The defendants' brief cites *Howe Scales Co.* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 139, as an authority, and quotes the following language from the opinion: " In the absence of contract, fraud or estoppel any man may use his name in legitimate ways and as a whole or as a part of a corporate name." But in this case there is not an absence of contract, but the defendant Wheeler for a valuable consideration sold the use of his name to the plaintiff. So far as concerns the defendant John N. Wheeler, Inc., that corporation is so closely connected with John N. Wheeler, the individual, that the contractual disability which the individual has incurred applies also to the corporation which he has formed; but, quite apart from this consideration, there comes in with respect to the defendant corporation the equitable principle that a new corporation organizing to do business similar to the business of an existing corporation must avoid the adoption of a name so similar that under all the circumstances it will cause such confusion and mistakes as to amount to unfair trade com-

petition. *Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462; *Metropolitan Tel. & Tel. Co.* v. *Met. Tel. & Tel. Co.*, 156 App. Div. 577, 583; *German-American Button Co.* v. *Heymsfeld, Inc.*, 170 id. 416. There should be judgment for the plaintiff as prayed for, with costs. The requests for findings of the respective parties have been passed upon as indicated upon the margins thereof. Submit for my signature upon two days' notice of presentation a decision embodying, without change of language, all findings made by me, with proof of service.

Ordered accordingly.