ROGERS SILVERWARE REDEMPTION BUREAU, INC., Plaintiff, *v.* ROGERS SILVER PREMIUM BUREAU, INC., and " HARRY " MORRIS, First Name " Harry " Being Fictitious, Real First Name Unknown to Plaintiff, Defendants.

Supreme Court, New York County, March 8, 1929.

*Nathan Burkan,* for the plaintiff.

*Albert & Albert,* for the defendants.

LEVY, J. The use of the word " Rogers " in the corporate name of defendant, considered in the light of the nature of its activities, which are substantially identical with those of plaintiff, is *prima facie* an element of unfair competition. (*Wheeler Syndicate, Inc.,* v. *Wheeler,* 99 Misc. 289.) Whether the confusion caused by the similarity of names is of such a serious character and whether defendant can prevail in its equitable defenses, so as to entitle it to a permanent injunction, can only be determined at the trial.

On the other hand, if plaintiff should ultimately succeed, grave and irreparable damage will be worked it by reason of the defendants' use of its name. The latter is a concern but recently established, and it cannot materially suffer by a direction that it withdraw the use of this name in connection with its advertising activities, except possibly to the extent to which its probable usurpation of the name enables it to profit at the expense of the plaintiff. The balance of convenience is, therefore, decidedly on plaintiff's side.

Defendant will be restrained from employing the name " Rogers " in its corporate title, in its advertising and sales program, pending the determination of this action. It will also be prohibited from references to offers of premiums of *Rogers* or *original Rogers* silverware. But it may refer to J. Rogers, provided the letter J is featured prominently. It will be permitted, however, to continue the use of its corporate name in statutory corporate matters, in connection with its bank account, and in other affairs not a part of its advertising, circularizing, selling and premium offer activities.

I am fully aware of the legal difficulties in connection with the use of dual names by a corporation. In the earlier case of *Thomas* v. *Dakin* (22 Wend. 9, 73) Chief Justice NELSON said: " A corporation may have more than one name; it may have one in which to contract, grant, &c., and another in which to sue and be sued; so it may be known by two different names, and may sue and be sued in either; * * *. The only material circumstance is, a name, or names, of some kind, in which all the affairs of the company may be conducted. So much, and no more, is essential to give simplicity and effect to the operation."

In *Scarsdale Pub. Co.* v. *Carter* (63 Misc. 271, 274), on the other hand, Mr. Justice GOFF, speaking for the Appellate Term, basing his views upon subdivision 1 of section 2 of the Business Corporations Law, said: " The name, therefore, is essential to its existence. It becomes a species of property and will be protected as a trade-mark [*State ex rel. Hutchinson* v. *McGrath,* 92 Mo. 355; 5 S. W. 29], and, while by its use advantages are gained, corresponding obligations must be recognized; and one of these is that, in its business dealings and contracts, it must use the name given to

it by the law of its existence. It cannot change its name, either directly or by user, nor can the public give it a name other than that of its creation by which it can be recognized in judicial proceedings."

The difficulty suggested by that case may, however, be obviated if the defendant will file both with the Secretary of State and the county clerk of New York county a copy of the order to be entered herein, for the protection of such persons who might deal with it during the period occurring in advance of the trial.

The motion is granted as indicated on condition that plaintiff furnish an undertaking in the sum of $5,000. Settle order.