THE STATE *ex rel.* HUTCHINSON *et al.* v. McGRATH, *Secretary of State.*

| 92 | 355 |
| 42a | 352 |
| 92 | 355 |
| 123 | 540 |

1.　**Corporation**: CORPORATE NAME : DUTY OF SECRETARY OF STATE : MANDAMUS. The secretary of state must exercise his discretion in determining whether a company asking of him a certificate of incorporation has adopted a name that is the same as, or an imitation of, that of an existing corporation, as prohibited by sections 762 and 926, of the Revised Statutes, and he will not be compelled by mandamus to issue a certificate, until it appears that the law has been complied with by the company in the adoption of its name.

2.　———— : ————. A company organized for the purpose of dealing in real estate, stocks, and other property in Kansas City, under the name of "The Kansas City Real Estate Exchange," will not be entitled to a certificate of incorporation from the secretary of state, under sections 762 and 926, of the Revised Statutes, when there is already in existence in the same city a duly incorporated company, engaged in the same business, under the name of "Kansas City Real Estate and Stock Exchange." The names are substantially the same.

*Mandamus.*

WRIT DENIED.

*Crittenden, McDougal & Stiles* for relators.

*Dobson, Douglass & Trimble* for respondent.

BLACK, J.—The relators, on the tenth of March, 1887, associated themselves together under article 8, chapter 21, Revised Statutes, for the purpose of organizing a corporation by the name of "The Kansas City Real Estate Exchange," to be located at Kansas City. The articles of association, it is conceded, are in due form, and were duly recorded in the recorder's office. Upon a presentation of a copy of the same to the secretary of state, he declined to issue a certificate of incorporation ; and the object of this application for the writ of mandamus is to compel him to make the certificate.

The secretary, by his return, shows that there is another corporation, duly organized and located at the same place, and for the same purpose, by the name of "Kansas City Real Estate and Stock Exchange," to which he issued a certificate of incorporation on the twenty-first of May, 1886; and that he declined to issue a certificate to the relators, because the name adopted by them is substantially the same as, and an imitation of, that of the previously incorporated company.

Section 762, of the first article of the statute on corporations, and which applies to all corporations, is as follows: "No certificate of its incorporation, or certificate of its change of corporate name, shall be issued by the secretary of state to any company or association: First, under the same corporate name and style as that already assumed by another corporation," etc. Section 926, which is a part of the article under which these companies in question are organized, provides in detail what the articles of agreement or association shall contain. It is then made the duty of the secretary to give a certificate that the corporation has been duly organized, and that certificate is made evidence of the corporate existence of such corporation in the courts. That section, among other things, declares that the articles of agreement shall set out "the corporate name of the proposed corporation, which shall not be the name of any corporation heretofore incorporated in this state for similar purposes, or an imitation of such name."

1. Had the name of the two corporations been precisely the same, then it is not denied but the secretary would have been bound and required to refuse the certificate under section 762, for in such cases the law clearly prohibits him from giving the certificate. But, as the names are not exactly the same, it is insisted that, under section 926, he has no discretion, and that he must give the certificate and leave the interested parties to their remedy before the courts of the state. His

duty is doubtless a ministerial one, which has been defined to be "a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *State of Mississippi v. Johnson*, 4 Wall. 498. These conditions do not exist, in the present case, until the relators have filed a copy of their articles of association, which comply with the conditions imposed by the statute. They do not exist, if the name adopted be the name of a corporation before incorporated, or an imitation of such name. The secretary is required—not simply to file the copy of the articles, but to certify that the corporation has been duly organized. To do this, he must see that the law has been complied with. It cannot be maintained that he must give the certificate, on any document which interested parties may file with him as and for a copy of articles of association. His decision is not binding on the courts—certainly not in such proceeding as this; but he will not be required to give the certificate until it appears the law has been complied with. Until then, no duty arises to grant the request. To entitle the relators to the writ of mandamus, it must appear that they have a clear right to the act demanded. High on Extra. Leg. Rem., sec. 10. It follows that we must see whether the relators are entitled to the certificate.

2. The name of a corporation is a necessary element of its existence, and, aside from any statute, the right to its exclusive use will be protected upon the same principle that persons are protected in the use of trade marks. Boone on Corp., sec. 32; *Newby v. Railroad*, 1 Deady, 609; *Ex parte Walker*, 1 Tenn. Ch. 97; *Holmes v. Holmes*, 37 Conn. 291. In the case last cited, the name of the corporation first organized was "Holmes, Booth & Haydens," and was made up of the names of the principal shareholders. Two of the shareholders, Holmes and Booth, with other persons, thereafter organized another corporation by the name of. "Holmes,

Booth & Atwood Manufacturing Company." The simi-
larity of the two names resulted in confusion, and it
was found as a fact that dealers in the market were lia-
ble to be misled into the belief that the corporations
were the same. On these facts, it was held the new
corporation should be enjoined from using the name
adopted.. These cases show the rights that arise from
the use of a corporate name.

It is the evident purpose of our statute to protect,
to some extent, these common-law rights, and, to do
this, both as to the corporation first adopting the name,
and as to the public, which may be misled by the simi-
larity of the two names. It is difficult to state a pre-
cise rule by which one name may be said to be an imi-
tation of another, in the sense of the statute. Where,
however, the names so far resemble each other, that a
person using that care, caution, and observation which
the public uses, and may be expected to use, would mis-
take one for the other, then the new name is to be re-
garded as an imitation of the former. The character of
the business, and the location of the two corporations,
must be considered. Now, in the present case, both
corporations are located in the same city. Both are cre-
ated for precisely the same purposes, i. e., to establish
and maintain a place, with a suitable building, for the
public and private sale of real estate, stocks, and other
property. The only difference between the two names
consists in the use of the words "and stock." These
words appear in the name of the former corporation, but
are omitted in the name adopted by the relators. The
omission of them from the combination with the other
words, it is believed, does not furnish a fair distinguish-
ing feature. A reasonably prudent person would be
constantly liable to mistake the one for the other. It is
doubtless the purpose of both corporations to encourage
the public sale of property, real and personal, at their
places of business, under mortgages, deeds of trust, and

Smith v. The W., St. L. & P. Ry. Co.

the like, and the names ought not to be so similar as to lead to confusion and litigation.

All the facts considered, and the reason of the law attended to, we can but conclude the relators have adopted a name in violation of the statute; and the writ is, therefore, denied. All concur.