## THE FURNITURE HOSPITAL, Appellant, v. SAMUEL DORFMAN, Respondent.

### Kansas City Court of Appeals, May 4, 1914.

1. **INJUNCTIONS: Trade Names and Unfair Competition.** Trade names differ from trade-marks in that no exclusive proprietary interest in the former is required to maintain injunction against infringement, while it is necessary in the case of a trade-mark. Trade names are divided into exclusive and non-exclusive trade names. The former are protected upon the same principles that trade-marks are. Nonexclusive trade names are such as are *publici juris*, open to or exercisable by all persons in their primary sense, but which in a secondary sense have come to indicate the business of a particular trader.

2. ———: ———: **Nonexclusive Trade Name in Its Secondary Meaning.** Words which, in their primary meaning are not capable of exclusive appropriation as a trade-mark, may, nevertheless, by long use in connection with the business of a particular trader come to be understood by the public as designating the business of that particular trader. And if plaintiff can prove that the name he has chosen has been so exclusively identified with his business as to indicate his business alone, he is entitled to relief against another's deceptive use of such terms. If he fails in such proof he is not entitled to relief.

3. ———: ———. Unfair competition consists in passing off, or attempting to pass off, the goods or business of one person as and for the goods or business of another.

4. ———: ———: **Evidence.** No inflexible rule can be laid down as to what will constitute unfair competition by the unlawful use of a nonexclusive trade name in its secondary meaning. It is always a question of fact. The question in every case is whether or not, as a matter of fact, the name adopted by defendant has previously come to indicate plaintiff's business and whether the public is likely to be deceived.

5. ———: ———: ———: **Mere Descriptive Terms.** Names which are mere descriptive terms of the business and generic in their nature are not capable of being appropriated. If the name sought to be protected is one which may be used by everyone in an honestly descriptive and nondeceptive manner the court may declare, as matter of law, that there can be no unfair competition in the use of such terms.

6. ———: ———: ———: ———. But even descriptive terms may by long use become identified in the minds of the public with a particular trader's business, and in such cases it is unfair competition for a subsequent trader to use them in such manner as to pass off his business for that of the other. If the name be an odd, unusual, fanciful or striking name, it may be appropriated by a trader even though it be descriptive of the business he carries on. If, for its description, it depends upon a figure of speech or an association of ideas, and is not merely a literal description of the business, it is a name that is subject to appropriation within the limits of the territory that the business serves. An unusual, novel name, likely to catch the public fancy and stick in the memory is of great value in advertising a business and is protected. Even though it be descriptive of the business, it is not necessary for the subsequent trader to use such terms in such a manner as to give his business the same catchy and attractive name, for it is easy to use descriptive terms in some other honestly descriptive way.

7. ———: ———: ———: ———: **Demurrer to Evidence.** The question of unfair competition being one of fact, a demurrer should not be sustained, where the petition is otherwise sufficient, unless the court can say, as matter of law, that the name sought to be protected is merely descriptive of the business and is so entirely devoid of novelty, originality and striking characteristics as not to be capable of being appropriated as a trade name.

8. ———: ———: ———: ———: **Name "Furniture Hospital."** The court cannot say, as matter of law, that the name "Furniture Hospital" is so purely descriptive and so usual and common as to be incapable of appropriation as a nonexclusive trade name with a secondary meaning.

9. ——: ——: ——: ——: **Addition of Other Words.** The mere addition of geographic names such as "New York," "Africa," "Asia," etc., cannot be declared as a matter of law to constitute such a difference in the names as to make the name so altered free from complaint. Similarity as well as precise identity deceives, and a nice discrimination in names cannot be expected from a busy public. And it is by the adoption of some such addition rendering the name similar, but not identical, that unfair competition is usually attempted to be perpetrated.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

REVERSED AND REMANDED.

*T. A. Frank Jones* for appellant.

*Block & Block* for respondent.

TRIMBLE, J.—This is a suit by the Furniture Hospital, a corporation, to enjoin defendant from the use of the name "New York Furniture Hospital" in connection with his business of furniture repairing at No. 1704 Troost Avenue, Kansas City, Missouri, on the ground that the name "New York Furniture Hospital" by the respondent was an unlawful use of plaintiff's trade name "The Furniture Hospital," and constituted unfair competition as against the appellant herein. The circuit court sustained a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action, and on plaintiff's refusing to plead further, rendered judgment in favor of the defendant, and plaintiff thereupon appealed.

The petition alleged that it was a corporation and since 1904 it had been conducting at 1301 East 12th street, Kansas City, Missouri, the business of furniture repairing under the name of "The Furniture Hospital" and that about March, 1913, defendant began a similar business about a quarter of a

mile distant from plaintiff's shop which he carried on under the name of "The New York Furniture Hospital"; that by reason of plaintiff's long use of the name "Furniture Hospital" and its advertisement thereof and the consequent identification of plaintiff's business with that name in the mind of the trading public of Kansas City, plaintiff is entitled to the exclusive use of the name "Furniture Hospital" in Kansas City for the business of repairing furniture; "that the use of the name 'Furniture Hospital' was intended by defendant, and apart from his intention was likely to, and did, confuse and mislead the trading public and attract plaintiff's customers to defendant's shop, and that it constituted unfair competition and is contrary to equity and good conscience." The petition further stated that by such unfair competition and by the wrongful assumption and use of plaintiff's trade name, defendant is diverting to his shop many of plaintiff's customers deceived by his use of the name, and has obtained business which would have come to plaintiff amounting to $1000.

There is no claim on the part of plaintiff that there has been a violation of a technical trade mark but that under the circumstances plaintiff has a right to designate his business by the name "Furniture Hospital" and that defendant has no right to give his business such a similar designation as will enable him to deceive and mislead the public into thinking they are dealing with plaintiff. In other words, plaintiff claims that defendant is violating the rule against unfair competition which consists in passing off, or attempting to pass off, the goods or business of one person as and for the goods or business of another. In such case no exclusive proprietary interest in the trade name is necessary to relief while in trade-mark cases an exclusive right is necessary, and this seems to be the principal distinction between the two. [38 Cyc. 763.]

179 App. 20

Trade names are divided into exclusive and non-exclusive trade names. The former are protected upon the same principles that trade marks are. Nonexclusive trade names are such names as are *publici juris,* that is, open to or exerciseable by all persons in their primary sense but which in a secondary sense have come to indicate the business of a particular trader. [38 Cyc. 765.] The name which plaintiff in this case seeks to protect is that of a nonexclusive trade name in its secondary meaning. In 38 Cyc. 769 it is said: ''Words or names which have a primary meaning of their own, such as words descriptive of the goods, or the place where they are made, or the name of the maker, and which are not capable of exclusive appropriation as a trade-mark, may nevertheless by long use in connection with the goods or business of a particular trader come to be understood by the public as designating the goods or business of that particular trader. Such words have both a primary and secondary meaning. In their primary descriptive sense, they are *publici juris,* and all the world may use them, but they must be used in such a way as not to falsely convey the secondary meaning, for this would constitute unfair competition as tending directly to pass off the goods or business of one man as and for that of another. This is what is known as the doctrine of secondary meaning. Its perception by the courts was the genesis of the law of unfair competition as distinguished from technical trade marks. In all this class of cases where the word, name, or other mark or device is primarily *publici juris* the right to relief depends upon the proof. If plaintiff proves that the name or word has been so exclusively identified with his goods or business as to have acquired a secondary meaning, so as to indicate his goods or business and his alone, he is entitled to relief against another's deceptive use of such terms. If he fails in such proof, he is not entitled to relief.

There is an exclusive right to the secondary meaning of a name, which has been deemed a property right, in the same sense that technical trade-marks are property. This exclusive right is strictly limited to the secondary meaning of the word.''

As to what will constitute unfair competition by the unlawful use of a nonexclusive trade name in its secondary meaning, no inflexible rule can be laid down. Each case is, in a measure, a law unto itself. Unfair competition is always a question of fact. The question in every case is whether or not, as a matter of fact, the name adopted by defendant has previously come to indicate plaintiff's business and whether the public is likely to be deceived. [38 Cyc. 779; Sarta v. Schaden, 125 Iowa 696, l. c. 701; Atlas Ins. Co. v. Ins. Co., 138 Iowa 228, l. c. 232; O'Grady v. McDonald, 72 N. J. Eq. 805, l. c. 807.]

Of course this rule is qualified by the further rule that names which are mere descriptive terms of the business and generic in their nature are not capable of being appropriated by any one. Hence if the name sought to be protected and claimed to be infringed upon and unfairly used is one which may be used by every one in an honestly descriptive and nondeceptive manner, the court may declare, as matter of law, that there can be no unfair competition in the use of such terms. For instance, no one could appropriate the name of ''Swedish Snuff Store'' or ''Felt Hat Store,'' ''Law Book Store,'' ''Divinity Book Store'' or any such name as would simply notify the public that a particular class of business or merchandise was carried on or kept there. [Choynski v. Cohen, 39 Cal. 501.]

But even descriptive terms may by long use become identified in the minds of the public with the business of a particular trader, and in such case it is unfair competition for a subsequent trader to use them in such manner as to pass off his business for that of

Furniture Hospital v. Dorfman.

the other. [38 Cyc. 800.] If the name adopted be an odd, unusual, fanciful, or striking name it may be appropriated by a trader even though it be descriptive of the business he carriers on. If, for its description of the business, it depends upon a figure of speech or an association of ideas and is not merely a literal description thereof, it is a name that is subject to appropriation within the limits of the territory which the business serves. Such a name is one likely to catch the public notice and fancy, to stick like a bur in the memory, and is therefore of great value in advertising a public business. There is in it an element of originality which will entitle the originator thereof to its use as against one adopting it for the purpose of securing business by reason of the similarity of the name. Because such a name may be descriptive of the business is no reason for another and subsequent trader adopting it and thereby appropriating to himself the fruits of the other's ideas and labor in building up a trade thereon. As said in 38 Cyc. 801 "It is unnecessary for the subsequent trader to use such terms in such a manner as to give his goods the same short name, or trade name, in the market as that of the prior trader's goods, for it is easy to use such terms in some other honestly descriptive way without injury to any right of either party. Accordingly such a use of descriptive terms is unfair and will be enjoined." And in the same work, 38 Cyc. p. 794, it is said: "A dealer coming into a field already occupied by a rival of established reputation must do nothing which will unnecessarily create or increase confusion between his goods or business and the goods or business of his rival. Owing to the nature of the goods dealt in, or the common use of terms which are *publici juris,* some confusion may be inevitable. But anything done which unnecessarily increases this confusion and damage to the established trader constitutes unfair competition. The unnecessary imitation or adoption of a confusing

name, label, or dress of goods constitutes unfair competition. Where there is no reason for using a particular name other than to trade upon another's goodwill, such use of the name constitutes unfair competition and will be enjoined." In other words, it is not necessary for the subsequent trader to adopt the odd, unusual and striking name of the prior trader to describe the goods or business of the former. He can use descriptive terms which will not confuse the public as to the identity of the business carried on. And when this is the case the former name is not unqualifiedly *publici juris* merely because it may be descriptive of the business, but is susceptible of being a nonexclusive trade name with a secondary meaning, that is, a meaning that carries with the signification that it is the business of a particular owner.

Now, an examination of the petition will disclose that it contains all the allegations necessary to state a case of unfair competition in the use of a nonexclusive trade name having a secondary sense or meaning, provided the trade name set out in the petition is not one so absolutely *publici juris* as to be incapable of appropriation by any particular trader. And whether or not the demurrer should have been sustained would seem to depend upon the answer to this question. Consequently the case, at this stage, comes down to the question whether or not the name "Furniture Hospital" is merely descriptive of the business and so entirely devoid of novelty, originality and striking characteristics, as not to be capable of being appropriated as a trade name. For if it is so odd, unusual, striking and likely to catch the public fancy and be retained in memory as to be capable of being so appropriated as a nonexclusive trade name with a secondary meaning, then it cannot be said, as a matter of law, that by the words "New York" defendant has so clearly distinguished his name from that of plaintiff's as to remove all danger of deception to the public and

injury to plaintiff's business. The mere addition of such geographic names as "North America", "Africa", "Asia" etc., cannot be declared as matter of law to constitute such a difference as to make the name so altered free from complaint. [Creswill v. Grand Lodge, 133 Ga. 837.] Whether the business of a subsequent trader has been so distinguished as to prevent any actual or probable confusion and deception is a question of fact in each case. While it is presumed that the public uses its senses and takes note of differences, yet it must be remembered that it is by the adoption of some such addition, rendering the name similar but not identical that unfair competition is usually attempted to be perpetrated. Similarity will deceive almost as effectually as precise identity, and it is well known that nice and careful discrimination between names cannot be expected from a busy public. [38 Cyc. 790.]

So that upon the question of whether a demurrer to the petition should have been sustained, the case comes down to the inquiry whether or not the name "Furniture Hospital" is one that in law is capable of being appropriated as a trade name with a secondary meaning.

In our opinion it is, or at least it is not such a name so purely descriptive of the business as to be wholly *publici juris*, and to be declared such as a matter of law. In the first place, it is shorter, more euphonious, and striking than the prosy words "repair shop" suggestive of dust and dingy, battered old articles of uncertain age and still more uncertain, doubtful origin and history. There is a novel, figurative suggestion and association of ideas in the name "Furniture Hospital" bringing to the mind not only the idea of a homely broken article being merely mended and repaired, but also of its being tenderly cared for with a loving appreciation of its innate beauty and the possibility of restoring it to its former

finish and perfection. A lover of restored antique furniture, much in vogue now-a-days, would be much more quickly attracted to the name "Furniture Hospital" and more apt to take his ancient mohogany there for restoration, than he would to an ordinary "repair shop." He would remember the name longer too. If the evidence shows that plaintiff has built up a trade under such an attractive and catchy name and that the name has not come into such common and general use as to lose its power of identifying plaintiff's business, and that defendant by the use of that name is confusing the public as to the identity of his business with that of plaintiff's, and the latter is being injuriously affected thereby, it would seem that he ought to be protected in its use in the locality co-extensive with and limited to plaintiff's market. At least he ought to have the opportunity of presenting his evidence on these questions and not be foreclosed by a demurrer to his petition. The judgment is reversed and the cause remanded. All concur.