EMPIRE TRUST CO., RESPONDENT, v. EMPIRE FINANCE CORPORATION, APPELLANT.—41 S. W. (2d) 847.

Kansas City Court of Appeals. April 6, 1931.

*Culver, Phillip & Voorhees* for respondent.

*L. J. Eastin* for appellant.

CAMPBELL, C.—Action for an injunction.

Plaintiff's petition is as follows:

"Plaintiff states that it is and has been since the date of its incorporation a corporation created and existing under the laws of the State of Missouri; that plaintiff was created a corporation on the twenty-third day of October, 1905, and has an actual paid-up capital of $200,000 with its office and place of business located in the city of St. Joseph, Buchanan County, Missouri, for the purpose and with the powers following, to-wit: Among other things, to purchase, hold, sell and transfer notes, bonds and other negotiable instruments secured by mortgages upon real and personal property, and that ever since the date of its incorporation it has been and yet is carrying on in said city the business for which it was incorporated; that it has built up and now enjoys a large and lucrative business in said city and the surrounding territory, and that it enjoys the confidence

and trust of the people of said community because of its financial responsibility and the manner in which its business has been conducted; that the existence and business of the plaintiff has been for many years advertised in said community and that it is known as a company engaged in the business of purchasing, holding, dealing in and selling notes, bonds and other negotiable papers secured by mortgages upon real and personal property, and that the public in said community have come to know and in many instances to speak of and refer to the plaintiff as 'The Empire' and to deal with it in the purchase and sale of such negotiable paper because of its known integrity and business standing; that at no time since its incorporation, until the incorporation of the defendant as hereinafter stated, has there been any other corporation, association, firm or person engaged in the same or similar business in the said city or community using the name of the 'Empire' as its name or any part of its name; that on or about the eleventh day of July, 1930, the defendant herein was incorporated under the laws of the State of Missouri under the name of Empire Finance Corporation, without the knowledge or consent of this plaintiff, with its office and place of business in said city of St. Joseph, for the purpose of purchasing, holding, dealing in and selling notes, bonds and other negotiable paper secured by mortgages upon real and personal property and with an authorized capital of $250,000, divided as follows: 11,250 shares of preferred stock of the par value of $10 per share, 22,500 shares of Class A common stock of the par value of $5 per share, and 25,000 shares of Class B common stock with the par value of $1 per share, and that at the time of its incorporation none of its authorized capital had been subscribed or paid for excepting as follows: 4,300 shares of Class B common stock of the par value of $1 each, or a total of only $4,300; that as to whether or not said $4,300 was in fact paid in to the treasurer of said corporation at the time it was incorporated or at any time thereafter, this plaintiff has no knowledge or information sufficient to form a belief; that the defendant ever since said time has been engaged in the business of selling or endeavoring to sell the remaining $245,700 of its authorized capital stock to the public and anyone who is willing to purchase the same and carrying on the business it is authorized to do under its corporate name of Empire Finance Corporation.''

It is further alleged that stock in the defendant company is being sold by it; that plaintiff is not the owner of any of the stock of the defendant or of any of its property or business, and has no connection whatever with the defendant. Continuing:

''That by reason of the fact that the distinguishing word 'Empire' as a part of the name of the plaintiff corporation and the defendant corporation and that the name of the plaintiff is Empire Trust Com-

.pany and the name of the defendant is Empire Finance Corporation, and by reason of the fact that both corporations are engaged in the same business in the same city, the use of the name 'Empire Finance Corporation' by the defendant is calculated to and will and does deceive or confuse the public, and the names of said corporations are so similar as to deceive, confuse or mislead the public in the belief that the defendant corporation is the same corporation as the plaintiff corporation and that in dealing with the defendant corporation or purchasing any of the stock it is dealing with or purchasing the stock of this plaintiff corporation; that in consequence of the facts aforesaid plaintiff is damaged and unless the defendant is restrained as hereinafter prayed, the plaintiff will suffer irreparable damage by reason of the use of the name Empire Finance Corporation; and that plaintiff has no adequate remedy at law."

The prayer is that defendant be perpetually enjoined from using and carrying on its business under its corporate name or any other name containing the word "Empire," or any name identical with or similar to or in imitation of the name of plaintiff, and for general relief.

The defendant filed a general demurrer to the petition. The demurrer was overruled, and upon the defendant refusing to further plead, judgment was rendered as prayed. The defendant has appealed.

The appeal presents the single question: Does the petition state facts sufficient to constitute a cause of action?

To support its position defendant says: (1) That the names are not identical, nor is the latter an imitation of the former; (2) that plaintiff is a trust company, organized under article 3, chapter 34, Revised Statutes 1929, while defendant is a manufacturing and business company, organized under article 7, chapter 32, Revised Statutes 1929, and the corporate powers of the two companies are different; (3) that the name acquired by the grant of the charter to defendant is a vested right; (4) that the right to use the corporate name conferred by the charter is a franchise which can no more be impeached than can the franchise to be a corporation; (5) that the right of the defendant to the name given by its charter cannot be questioned in a collateral proceeding, and that the question must be raised by the State on *quo warranto;* (6) that the Secretary of State exercised discretion and has determined that the two corporations do not bear the same name and that the name of the latter is not an imitation of the former.

It is true the name of the defendant is not identically the name of the plaintiff; but, looking to the allegations of the petition, we find that the word "Empire" is the distinguishing feature in the name

of plaintiff and, also, in the name of defendant; that each of the corporations was organized for the same purpose; that each of them is located in the same city; that before the organization of defendant company the plaintiff had been engaged in business for many years, had built up a large and lucrative business in that city and in the surrounding territory and enjoyed the confidence and trust of the people of said community; that its business had been advertised in that locality for many years, and that it was known as a company engaged in the business of purchasing, holding, dealing in and selling notes and other negotiable securities, and that the public had come to know and in many instances to speak of plaintiff as "The Empire;" that until the organization of the defendant company, no other company or person in that locality had been engaged in a similar business or had used the name "Empire" as a part of its business name; that while defendant had an authorized capital of $250,000, it, in fact, did not have more than the sum of $4,300 actual capital; that its sole business was to sell its own stock; that the name under which defendant was incorporated is calculated to and will and does deceive or confuse the public in the belief that defendant corporation is the plaintiff. The demurrer confessed the truth of all of those allegations.

In the case Supreme Lodge of the World Loyal Order of Moose v. Paramount Progressive Order of Moose, 26 S. W. (2d) 826, the plaintiff sought an injunction restraining the defendant from using the name under which it was organized. An injunction was granted. The court said: "It is sufficient to show a probability that deception or confusion may result." Many cases are cited to support that pronouncement. We have examined a number of them and find that they do support the ruling. It is further said in that case "there is no question that defendants have pirated the word 'Moose,' which is the prominent, essential, and distinguishing feature of plaintiff's name . . . which will probably, if not necessarily result in deception and confusion in the public mind highly detrimental to the plaintiff." -

It is averred in plantiff's petition that the distinguishing word "Empire" is a part of the name of both plaintiff and defendant, and that the use of that name is calculated to and will *and does deceive or confuse the public.*

The demurrer therefore admits that the public has been deceived or confused by the use of defendant's corporate name into the belief that it is the same company as plaintiff. We have not been cited to any case, nor have we found one where, upon a similar state of facts, relief, such as here sought, has been denied.

It is asserted by the defendant that plaintiff is a trust company and that defendant is a manufacturing and business company. There is no allegation in the petition upon which to base that assertion; but,

on the contrary, it is in effect alleged in the petition that plaintiff and defendant are located in the same city and are incorporated for the same purpose.

Defendant also contends that the name acquired by the grant of the charter is a vested right which cannot be taken away without its consent, and that the right to use the corporate name conferred by the charter is a franchise. We cannot allow this contention. There may be circumstances under which the rule contended for would apply, but it does not apply where the offending corporation adopts and uses the name of an older corporation in such a way or manner that the public may be deceived or confused as to which of the corporations it is dealing with.

It is also asserted that the discretion given by statute to the Secretary of State in determining whether the defendant's name is the same or an imitation of plaintiff's name, is conclusive. The Secretary of State, in passing on that question, does not act judicially, and even if he did, his act, without the knowledge or consent of plaintiff, would not be binding on it.

Clearly the demurrer, having confessed plaintiff's well pleaded case, was well ruled. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.