**NATIONAL ALUMINATE CORPORATION v. PERMUTIT CO. (CROWLEY, Alien Property Custodian, Intervener).**

**No. 12827.**

Circuit Court of Appeals, Eighth Circuit.

Aug. 1, 1944.

J. H. Bruninga, of St. Louis, Mo., for appellant.

Joseph J. Gravely, of St. Louis, Mo., and Clarence D. Kerr, of New York City, for appellee.

Before STONE, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

Appellee has filed a petition moving: "(1) That the Transcript of Record herein be diminished by striking therefrom the twenty-one pages of printed matter beginning with the heading 'Discussion of Facts,' in Volume I, page 183, through page 203; or (2) that, in the alternative, appellant's Brief be stricken from the files of the Court on the ground that twenty-one pages have been added to it by reference so that the Brief is actually one hundred and six pages and is thus a violation of Rule 11(c) of this Court." An inspection of the record reveals that the motion for new trial includes discussion of the facts and law involving the contention of appellant that the patents in suit have been improperly used as instruments to restrain, restrict and suppress competition. An inspection of appellant's brief reveals that Point XIII thereof presents the same issue. Instead of placing in the brief its argument in support of that point, appellant undertakes to do this by reference to that part of the motion for new trial in the record which contains the argument on the same issue. This is an improper pro-

cedure. The brief should contain all of the printed argument on the matters to be presented to this Court. In addition, the brief is extended to twenty-one pages beyond the limits allowed by the Rules of this Court by the device of a single sentence of reference to the record. In this situation, the Court would be justified in striking from the brief or perhaps in disregarding, as not supported by argument, this point in the brief. This action will not be taken however because of the combined effect of three matters: (1) The issue raised is one of public concern; (2) an inspection of appellant's brief reveals that it is concisely written and that an extension of paging would have been allowed had a motion to that effect been presented to the Court, and (3) it is apparent that this appeal should not be delayed in presentation and the time limit for briefs is now very short. The disposition which will be made is that the petition will be denied and appellee will be given an extension of brief to twenty-one pages beyond that allowed by the Rules of this Court.