THE PROFESSIONAL EQUIPMENT COMPANY v.
LUCIEN J. B. CARDINAL

THE PROFESSIONAL EQUIPMENT COMPANY v.
LUCIEN J. CARDINAL ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE NOS. 68278, 69539

Memorandum filed February 3, 1948.

*Joseph Shelnitz,* of New Haven (in both cases), for the Plaintiffs.

*Morris Gamm* and *Edward L. Reynolds,* of New Haven (in both cases), for the Defendants.

ALCORN, J.   Two actions were tried together seeking the same relief, namely, an injunction restraining the defendants from using the word "professional" in the name under which they were doing business.   The evidence at the trial was directed at the injunctive relief and does not support the incidental claim for damages.

In the first action, brought by process dated August 13, 1946, the plaintiff seeks to enjoin the individual defendant from doing business under a trade name, alleging, in substance, that the plaintiff over the years had developed a prosperous business and favorable reputation and good will in its business and had featured the word "professional" as a distinctive feature of its name to the trade; that the individual defendant, realizing the value of the word and that the plaintiff had a valuable property right in it as a trade name, adopted a trade name containing

the word "professional" under which he conducted a business similar to that of the plaintiff; that as a consequence the defendant had profited at the expense of the plaintiff; that persons dealing with the plaintiff had become confused and were misled into doing business with the defendant, all of which constituted unfair trade practice and unfair competition as well as a serious threat to the plaintiff's future business welfare; and finally, that the defendant had threatened to incorporate under a name using the same word to compete with the plaintiff and would thereby continue the confusion and cause irreparable damage to the plaintiff. The relief sought is an injunction restraining the individual defendant from the further use of the word "professional" in his trade name, from the further use of the entire trade name which he adopted, from associating in any manner with incorporators using the word "professional" in any corporate name in a business similar to the plaintiff's, and finally, to restrain the defendant from proceeding to incorporate.

In the second action, by complaint dated April 5, 1947, the plaintiff seeks relief against the individual named in the first action and others alleged to be incorporators with him and against the corporation formed by them, alleging, in substance, the plaintiff's acquisition of a valuable right in the word "professional" as a trade name and knowledge upon the part of the individual defendants of the value of that name in the trade and to the plaintiff and then alleging an illegal scheme upon the part of the individual defendants to combine and incorporate under a name using the word "professional" for the purpose of gaining an unfair advantage in a similar business at the expense of the plaintiff; that since incorporating they have conducted a business similar to the plaintiff's and have caused confusion among the latter's customers, dealers and the public, and have caused and will cause the plaintiff irreparable damage unless enjoined. The relief sought is an injunction to restrain the use of the word "professional" by the defendants "in any business in said State of Connecticut similar to the business for which the plaintiff has been licensed."

From the evidence it appears that the plaintiff was incorporated in 1923 and since that time has done business in New Haven under the name of The Professional Equipment Company, selling medical and surgical supplies and equipment to doctors, hospitals and nurses. About September 25, 1945, the

defendant Lucien B. Cardinal started in a similar business individually in Hamden, Connecticut, under the trade name Connecticut Professional Supply Company. The first action was thereafter brought to enjoin him. While that action was pending, he and the other individuals named in the second action incorporated under the name Connecticut Professional Supply Company, Incorporated, the certificate of organization of the corporation having been approved by the secretary of state on October 28, 1946. The corporation does business under that name from a location in New Haven. Since the creation of the corporation, the business formerly done by the individual defendant under the trade name has been done by the corporation and the individual defendant has ceased operation under his trade name. That fact plus the fact that the organization of the corporation has been completed renders the prayers for relief under the first action of no moment unless the corporation were to be enjoined so that the original defendant might be induced to attempt to renew his business individually under his trade name.

The question presented then will be considered as it is, a contest between the plaintiff and the defendant corporations. There is no dispute that the type of business in which they are engaged is the same. They operate from different addresses in the city of New Haven and the plaintiff is listed in the New Haven phone book under the letter "p" while the defendant is listed under the letter "C". Both do business throughout Connecticut. Both do business almost entirely with doctors, nurses and hospitals. Each adopts the same sales method, namely, to have sales representatives call upon prospective customers in the first instance and thereafter to receive orders either through the salesmen on subsequent calls or by direct request from the customer. Neither corporation has any appreciable volume of business with the general public and neither makes any appreciable amount of its sales to persons calling at its place of business.

The defendant disclaims any ulterior motive in the adoption of its name and states that the sole purpose in incorporating the words "professional supply" is that it is a generic term descriptive of the product which it sells. There can be no doubt that the word "professional" preceding either the word "equipment" or the word "supply" is descriptive of the goods sold by the two corporations. The court is satisfied that the defendant's

purpose in adopting its name was to describe the nature of its business and that there was no ulterior purpose or scheme as alleged in the plaintiff's complaint.

The evidence discloses instances too numerous to relate of the use of the word "professional" throughout the state, to designate everything from razor blades to buildings as well as various types of business, whether it be a pharmacy, laboratory, adjustment bureau or others. Firms with the same name as the plaintiff are shown to exist in Chicago and in New Jersey. There is nothing peculiar to the plaintiff or its business in the word "professional," and instances in which the plaintiff itself has emphasized that word in advertising matter appear to have occurred largely subsequent to the bringing of the first of these actions.

Neither party advertises in the newspapers, and such notices as they have inserted in medical journals and various programs are not designed to create any confusion as to their respective identities. Their letterheads are distinctive and their respective salesmen properly identify themselves in calling upon prospective customers.

The plaintiff's claim that it has lost business and that confusion has been caused by the defendant's use of its name is not substantiated. The plaintiff's gross business has shown a steady increase every year from a total of $200,000 in 1939 to an estimated one million dollars in 1947. In fact, from 1939 to 1945 the plaintiff's gross business increased only $250,000, whereas since 1945 it has increased from $450,000 to the estimated one million. In three years' time only one piece of freight is shown to have been erroneously delivered, only five out of some twenty thousand pieces of first class mail, only four out of some one thousand to fifteen hundred parcel post packages; and confusion is shown in only four out of approximately twenty-four thousand orders. The plaintiff's telephone calls, which are estimated at from one hundred to one hundred and fifty a day, have shown only six instances of confusion in a year's time. All of these instances occurred with deliverymen, postal employees or laymen outside of the professional class of persons with whom the parties do substantially all of their business.

The question as to what use of a name will constitute unfair competition is a question of fact. The test is whether the

public is likely to be deceived. If the court finds that the effect of appropriation by one corporation of a distinctive portion of the name of another is to cause confusion and uncertainty in the latter's business, injure it pecuniarily and otherwise, and deceive and mislead the public, relief will be afforded. *Yale Co-operative Corporation* v. *Roggin,* 133 Conn. 563; *Middletown Trust Co.* v. *Middletown National Bank,* 110 Conn. 13. The burden is upon the plaintiff to establish the issues raised by the allegations in its complaint. *Yale & Towne Mfg. Co.* v. *Rose,* 120 Conn. 373.

It is concluded upon the evidence that no scheme upon the part of the defendants as alleged has been established and that the use of the word "professional" in the defendants' name has not been shown to cause confusion or uncertainty in the plaintiff's business, to cause it any pecuniary injury, or to deceive and mislead the public.

Judgment may enter for the defendants in both cases.