The **FEDERAL GLASS COMPANY**,
Plaintiff-Appellant,

v.

Samuel **LOSHIN** and Nathan Loshin,
Defendants-Appellees.

No. 220, Docket 23226.

United States Court of Appeals
Second Circuit.

Argued May 3, 1955.

Decided June 2, 1955.

Thew Wright, Jr., of Wiggin & Dana, New Haven, Conn. (John W. Barnett, New Haven, Conn., and John J. Mahoney, of Corbett, Mahoney & Miller, Columbus, Ohio, on the brief), for plaintiff-appellant.

Irving Levine, of Spiro & Levine, Danbury, Conn. (Abram W. Spiro, Danbury, Conn., on the brief), for defendants-appellees.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and DIMOCK, District Judge.

CLARK, Chief Judge.

Plaintiff appeals from a denial of its motion for summary judgment in an action for unfair competition based on the identity of company names used by the plaintiff and by the defendants. Both call themselves The Federal Glass Company, although they deal in very different products, the plaintiff manufacturing glass tumblers and dinnerware, and the defendants producing and installing glass plate and windowpanes. Plaintiff is a corporation conducting a nationwide business, with headquarters in Columbus, Ohio, while defendants' activities are confined to the Danbury, Conn. area. Judge Smith denied the plaintiff's motion for summary judgment because the plaintiff had failed to show as a matter of law that its reputation with the general public was established in the Danbury area in 1926 when the defendants began their operations. D.C.Conn., 126 F.Supp. 737.

This case came before another panel of this court on defendants' motion to dismiss the appeal for lack of an appealable order, with the result that the motion was denied on the ground that plaintiff's collateral prayers for preliminary and final injunctive relief brought the case within 28 U.S.C. § 1292(1). Federal Glass Co. v. Loshin, 2 Cir., 217 F.2d 936 (the present writer dissenting). Had that issue come initially before the present panel, we should have been constrained to hold the other way, though we do not feel it appropriate to reverse this ruling here, and hence proceed to a consideration of the merits. But because of its possible bearing on further proceedings in this and other cases, we feel it necessary to state our disagreement with the majority view there expressed. The writer of this opinion adheres to the view he expressed in his dissent, 217 F.2d 936, 938–940, and to the rationale of the Third Circuit cases he there cited and relied upon; Judge Medina concurs in that view; while Judge Dimock does not feel presently called upon to vote on this issue. A resolution of these conflicts must ultimately come from the Supreme Court. The most recent decision of that Court on the appealability of interlocutory orders, Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, indicates that it is not likely to look with favor on this new inroad upon the traditional federal policy against piecemeal appeals.

Plaintiff's appeal challenges the standard of proof of prior reputation imposed on it by the district court. The prerequisites for recovery for unfair competition have been often set out by the Connecticut courts and by us. These include establishment of a prior secondary meaning and of a reasonable likelihood of confusion resulting from defendants' appropriation of plaintiff's name and good will. The ultimate question is always whether or not the public is likely to be deceived; and this is a question of fact, depending on all the attendant circumstances. Middletown Trust Co. v. Middletown Nat. Bank, 110 Conn. 13, 147

A. 22; Yale & Towne Mfg. Co. v. Rose, 120 Conn. 373, 181 A. 8; Yale Co-op. Corp. v. Rogin, 133 Conn. 563, 53 A.2d 383; Professional Equipment Co. v. Cardinal, 15 Conn.Supp. 384; Premier-Pabst Corp. v. Elm City Brewing Co., D.C.Conn., 9 F.Supp. 754; General Time Instruments Corp. v. U. S. Time Corp., 2 Cir., 165 F.2d 853, certiorari denied 334 U.S. 846, 68 S.Ct. 1515, 92 L.Ed. 1770; Eastern Wine Corp. v. Winslow-Warren Ltd., 2 Cir., 137 F.2d 955, certiorari denied 320 U.S. 758, 64 S.Ct. 65, 88 L.Ed. 452.

Judge Smith was clearly correct in deciding that plaintiff would have to show its reputation with the general public in 1926. Only the general public was likely to be confused by the identity of names used by the two companies, since dealers would have recognized the great disparity in the types of commodities produced by each. Furthermore, dealers would have had little contact with the defendants, who dealt directly with the general public. And 1926 was the proper date for establishing this reputation, since it was then that defendants began to operate under their trade name. Their failure to register this name until 1945, although a violation of Conn.Gen. Stat. § 6728 (1949), is irrelevant for these purposes. Sagal v. Fylar, 89 Conn. 293, 93 A. 1027, L.R.A.1915E, 747.

The only point which gives us pause is the contention that Judge Smith improperly imposed on plaintiff the necessity of proof of its reputation in too limited geographical areas. This may not have been the judge's intent, although it is true that he adverted to the insufficiency of the evidence to establish, as a matter of law, a prior reputation in the Danbury area. If he meant thereby that only evidence relating to purchases and sales of plaintiff's product in that specific area would be admissible at the subsequent trial, this, we think, would unduly restrict plaintiff's means of proving its case. Although the exact territorial extent of a trade name is a question of fact, the narrowest limit that could reasonably be imposed today would

be that of a state. See Nims, The Law of Unfair Competition and Trade-Marks § 35A (4th Ed.1947); 3 Restatement, Torts § 732 (1938). Since plaintiff's affidavits in support of its motion for summary judgment did not incontrovertibly establish the existence of a prior reputation even in the state of Connecticut as a whole, Judge Smith's denial of the motion is to be supported on that ground. His references to the Danbury area may well have purported to say no more than that, at the trial, some impact on that locality would ultimately have to be shown, either directly, through local transactions, or indirectly, through the doctrine of normal business expansion.

The denial of summary judgment is therefore affirmed.