SHOP-RITE DURABLE SUPERMARKET, INC. *v.* MOTT'S SHOP RITE OF NORWICH, INC., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued April 7—decision released July 12, 1977

*Robert L. Trowbridge,* for the appellants (defendants).

*Jackson T. King, Jr.,* with whom was *Milton L. Jacobson,* for the appellee (plaintiff).

House, C. J, This is an appeal from a judgment of the Superior Court enjoining the defendants from the use of the term "Shop-Rite" in advertising in connection with their store in Norwich, including but not limited to the use of the term "Shop-Rite" on any signs advertising that store and any use of the term in the defendants' advertisements in the Norwich Bulletin. They were also enjoined from displaying the term "Shop-Rite" appearing as a part of their trademark in any advertising in the Norwich Bulletin relating to their Norwich store. The injunction expressly did not apply to any store of the defendants other than the Norwich store and expressly excluded application to the sales of products bearing the defendants' trademark within the Norwich store.[1]

On the appeal, the defendants filed ten assignments of error. Since a number of these raise

[1] "[I]t is adjudged that the defendants and each of them be and they are hereby enjoined from the use of the term Shop-Rite in their advertising in regard to their store in Norwich, Connecticut, including but not limited to the use of the term Shop-Rite on any signs advertising said Norwich store and any use of the term Shop-Rite in the defendants' advertisements concerning said store in the Norwich Bulletin. The defendants and each of them are also

issues which were not raised in the trial court or have not been briefed, we do not consider them here. Practice Book § 652; *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809. Those properly raised and briefed concern two principal questions: Was the injunction properly founded in law and in accord with a stipulation of the parties concerning the issues submitted to the court for determination? And was the judgment supported by the evidence submitted at the trial?

The court's finding, which is not subject to any material correction, reveals the following basic facts: The plaintiff, Shop-Rite Durable Supermarket, Inc., conducts a supermarket grocery store in the city of Norwich. From its opening in 1960, the store has in all its advertising used the term "Shop-Rite" as a part of its name. The name "Durable" was placed in much smaller letters on the logo used in newspaper advertisements. "Durable" was a designation of location, because the store was located next to a store known as Durable Department Store. When that store went out of business in 1971, the word "Durable" was dropped from the logo and only the legend "Shop-Rite Supermarket" was used. This latter designation has been used in the plaintiff's telephone book listing, by its vendors and suppliers, on its radio program over the local radio station, and the same designation appears on its stationery. Through the years when answering the telephone, the employees of the plaintiff have answered by saying, "Shop-Rite,

enjoined from displaying the term Shop-Rite appearing as a part of their trademark in any advertising in the Norwich Bulletin relating to their Norwich store. This order does not apply to any store of the defendants other than the said Norwich store, nor does it apply to the sales of products bearing the defendants' trademark within said store."

good morning," or "afternoon" or "evening." The Shop-Rite designation appears on the sign on the front of the plaintiff's store.

Since the opening of the store in 1960, the plaintiff has conducted an extensive advertising program in the local newspaper, The Norwich Bulletin, at an annual cost of about $30,000. The store also sponsored an intensive radio advertising program including a regularly scheduled quiz program known as the "Shop-Rite Teletest," in each case referring to itself as Shop-Rite Supermarket.

The defendant, Mott's Shop Rite of Norwich, Inc., is a subsidiary of a larger corporation (hereinafter referred to as Mott's). The latter, as a parent corporation, operates supermarket grocery stores in Connecticut and Massachusetts. Mott's first made significant use of the "Shop Rite" trade name in 1964, in a Chicopee, Massachusetts, Mott's store and has used the trademark "Shop Rite" since 1960. The trademark "Shop Rite" is owned by the Wakefern Food Corporation which has licensed the defendants to use the trademark "Shop Rite" in Connecticut. Wakefern is not a party to the present case.

In July, 1971, the plaintiff became aware of the defendants' intention to operate a supermarket in Norwich under the name of "Shop Rite" and wrote to them to advise that they had no right to use the name in the Norwich area and that the plaintiff would bring an action to enjoin the defendants from using the name. Nevertheless, in January, 1972, the defendants opened a Norwich store operating under the name "Shop Rite." The plaintiff then brought the present action in March, 1972.

The briefs indicate that the parties had reached some agreement about the issues to be litigated, although no stipulation appears in the record or transcript. As articulated by counsel for the defendants, the questions before the trial court were whether they could use the name "Shop Rite" in advertising the name of their store and on the store sign. As asserted by the plaintiff, the parties were also at issue as to whether the defendants should be permitted to advertise using their brand name or using the word "Shop Rite" and assert: "The court did not prohibit the sale in the defendants' store of products bearing the words Shop-Rite which is all the stipulation of the parties ever dealt with." The judgment of the court was very limited and precise and did not prohibit the defendants from selling products bearing their Shop Rite trademark. So far as the record discloses, the judgment as entered was not in violation of any stipulation of the parties.

The common-law rule concerning unfair competition in the use of trade names was reaffirmed in *Yale Co-operative Corporation* v. *Rogin,* 133 Conn. 563, 571, 53 A.2d 383: " 'No inflexible rule can be laid down as to what use of names will constitute unfair competition; this is a question of fact. The question to be determined is whether or not, as a matter of fact, the name is such as to cause confusion in the public mind as between the plaintiff's business and that of the defendant, resulting in injury to the plaintiff. The test is whether the public is likely to be deceived. . . . If the court finds that the effect of appropriation by one corporation of a distinctive portion of the name of another is to cause confusion and uncertainty in the latter's business, injure them pecuniarily and otherwise, and

deceive and mislead the public, relief will be afforded. . . . It is not sufficient that some person may possibly be misled but the similarity must be such that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would be likely to mistake one for the other.' *Middletown Trust Co.* v. *Middletown National Bank,* 110 Conn. 13, 20, 147 A. 22." This rule is consistent with the general holding that if there is sufficient similarity of names to deceive, it is not necessary to establish a fraudulent intent in the use of the name. *Holmes, Booth & Haydens* v. *Holmes, Booth & Atwood Mfg. Co.,* 37 Conn. 278; annot., 66 A.L.R. 948, 954. A trade name will be protected but not "until it has in fact become in the market the name for goods or services coming from or through a particular source or the name for a particular business. This special significance, once acquired, is thereafter its primary meaning in the market, though lexicographically it may have an earlier, different meaning." Restatement, Torts § 716, comment a.

In this case, the court found that confusion did in fact result from the use of identical names by organizations dealing as competitors in the same market, Norwich. It found as a fact that significant numbers of customers, suppliers and employees and businesses have demonstrated "total confusion" as to the respective identities of the two stores. Among other conclusions which it reached were the following: The general public and patrons of supermarkets in the general Norwich area have come to recognize the plaintiff's store as Shop-Rite Supermarket and have associated the word "Shop-Rite" with the plaintiff's store; the use of the name "Shop-Rite" in the Norwich area by the defendants

has caused considerable confusion in the minds of the general public, suppliers, services and institutions as to the identity of the two stores; the defendants' advertising in the Norwich Bulletin confuses the general public and others as to which of the stores is running said advertisements and as to whether there is any connection between the two stores; the use of the name "Shop-Rite" in its circular advertising, its newspaper advertising and its advertising on exterior signs in the Norwich area has confused the general public regarding the respective identities of the plaintiff's and defendants' store; the defendants had not established any use of the name "Shop-Rite" in the Norwich area either as a trade name or trademark or in any other manner prior to the time that the plaintiff established its right to the use of said words as its trade name; the continued advertising of the word "Shop-Rite" or use of the word "Shop-Rite" as a part of the defendants' trade name in the Norwich area will continue to cause confusion in the minds of the general public and in the minds of others regarding the identity of the plaintiff's and defendants' store; and the use of the name "Shop-Rite" in the Norwich area by the defendants as a part of the name of their store and in their advertising has diluted the plaintiff's trade name and the continued use will produce similar results in the future.

While the defendants claimed that the court erred in reaching each of these conclusions (and, indeed, attacked every one of the conclusions of the court on the grounds that the facts set forth in the finding did not support them) and briefed a claim that insufficient proof of confusion was offered by the plaintiff to warrant intervention by the court, we find no merit whatsoever to these contentions. It

would serve no useful purpose to recite in detail the findings of the court on the question of confusion. The findings are amply supported by the evidence and in turn fully support the conclusions of the court.

In view of what we have already said, it is unnecessary to discuss at length the further conclusion of the trial court that an additional reason for granting the plaintiff the relief it sought is found in the provisions of chapter 621a of the General Statutes by virtue of the fact that its trade name has been diluted. Subsection (c) of § 35-11i provides: "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under this chapter, or a mark valid at common law, or a trade name valid at common law, shall be a ground for injunctive relief against unauthorized use of such mark or trade name, or of a colorable simulation thereof, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." Section 35-11k also provides that "[n]othing in this chapter shall adversely affect the rights or the enforcement of rights in marks or trade names acquired in good faith at any time at common law."

The defendants registered their trademark on November 4, 1960, in Connecticut and the mark appears on some of its products. There was, however, no showing that this trademark appeared in the Norwich area before the defendants opened their area store in 1972; it does not appear that the trademark was in use in the area when the plaintiff opened its Norwich store in 1960; and the trial court found that the defendants' later use of the

trade name "Shop Rite" in Norwich was confused with the plaintiff's earlier and long use of that trade name. The plaintiff established its entitlement to relief under the common-law doctrine and, in doing so, it also established its entitlement to relief under the provisions of the statutes. See *Food Fair Stores, Inc.* v. *Food Fair, Inc.*, 177 F.2d 177 (1st Cir.).

We find no merit to the defendants' assertion that the judgment in this case prevents them from using the trademark "Shop Rite" which identifies their products. The judgment was obviously carefully worded and specifically allows such use[2] while enjoining the use of the trade name "Shop Rite" in advertising and in identifying the defendants' store. The injunction does not proscribe the defendants' use of their trademark to identify their own brand of merchandise when the trademark is used within their store to distinguish the defendants' products from those of competitors.

There is no error.

In this opinion the other judges concurred.

---

[2] "This order does not apply . . . to the sales of products bearing the defendants' trademark within said store."