[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action in two counts seeking, in the first count, an injunction based upon the common law theory of unfair competition, and seeking damages in the second count for unfair trade practices.
On September 30, 1980, a certification of incorporation was filed in the Office of the Secretary of State for Connecticut forming a corporation entitled Drain Doctor, Inc. The principal place of business of the corporation was listed as Kensington, Connecticut. The basic purpose of the corporation was to furnish services related to maintenance of private sewerage facilities.
The plaintiff conducted business primarily in the Hartford County and Middlesex County areas although business was done in other areas of the state. Advertising was done only by use of the telephone books located in various areas.
On August 3, 1985, the defendant filed a certificate of trade name with the Town Clerk of Norwalk certifying that he was transacting business under the name of "Doctor Drain". The defendant commenced business under the name of Doctor Drain and still continues doing business under that name. The business of the defendant is similar to that of the plaintiff. The defendant advertises in the Stamford, Norwalk and Greenwich telephone books.
On December 21, 1989, the defendant was notified that there was a corporation in Connecticut with the name of "Drain Doctor" and that the corporation objected to his use of the name "Doctor Drain". The defendant disregarded this notice and continued using the name "Doctor Drain" in his business and continues to do so to this date. The defendant has trucks used CT Page 698 in his business with Doctor Drain advertising signs on the trucks. These trucks travel all over the state. The defendant does business primarily in Fairfield County (Greenwich, Stamford and Norwalk).
The plaintiff seeks an injunction against the defendant to restrain the defendant from using the name "Doctor Drain" in defendant's business based upon two grounds. The first ground is that the defendant is in direct competition with plaintiff and the use of the name "Doctor Drain" interferes with plaintiff's property interests. The second ground is that the use of the name "Doctor Drain" does create and is likely to create mistakes and confusion on the part of the general public.
The defendant argues that the plaintiff and the defendant operate in separate counties of the state, and therefore, do not compete for the same business. The defendant also argues that there is no similarity in names that will cause confusion in the mind of the public, and therefore there is no irreparable harm caused to the plaintiff.
The issue, in this case, is whether the use of the trade name Doctor Drain by the defendant constitutes unfair competition for the plaintiff Connecticut corporation The Drain Doctor, Inc.
This issue leads to the question "`whether or not, as a matter of fact, the name is such as to cause confusion in the public mind as between the plaintiff's business and that of the defendant, resulting in injury to the plaintiff. The test is whether the public is likely to be deceived. . . . If the court finds that the effect of appropriation by one corporation of a distinctive portion of the name of another is to cause confusion and uncertainty in the latter's business, injure them primarily or otherwise, and deceive and mislead the public, relief will be afforded. . . . It is not sufficient that some person may possibly be misled but the similarity must be such that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would be likely to mistake one for the other.' Middletown Trust Co. v. Middletown National Bank, 110 Conn. 13, 20 147 A. 22." Shop-Rite Durable Supermarket, Inc. v. Mott's Shop Rite,173 Conn. 261, 265-66 (1977), citing Yale Co-operative Corporation v. Rogin, 133 Conn. 563, 571 (1947).
We can find no evidence which would support any claim by the plaintiff that it incurred any monetary loss by the use of the name "Doctor Drain" by the defendant. The sole concern of the plaintiff is that the defendant not use its name in case CT Page 699 the plaintiff intended to do business in the area which is now served by the defendant and to prevent the defendant from encroaching upon the areas served by it.
Although we can find no specific damage caused to the plaintiff by the use of the name Doctor Drain by the defendant, the resemblance between The Drain Doctor, Inc. and Doctor Drain is so close that confusion as to the identity will most certainly exist in the minds of the public. Shop Rite Durable Supermarket, Inc. v. Mott's Shop Rite, supra. See also American Steel Foundries v. Robertson, 269 U.S. 372, 381 (1926). The use of the name Doctor Drain will be deceptive and cause the consumer to mistake one for the other. "It is not necessary to show, in a case of unfair competition, that particular customers have been deceived in order that a plaintiff may recover. Kaufman v. Raufman, 223 Mass. 104, 107, 111 N.E. 691. But it must appear that the deception will be the natural and probable result of the defendant's acts." Charles Broadway Rouss, Inc. v. Winchester Co., 300 F. 706, 723 (1924).
The plaintiff was incorporated under the laws of the State of Connecticut on September 30, 1980 as The Drain Doctor, Inc. At this time the corporation became entitled to all of the rights, privileges and benefits of the use of its name throughout the state of Connecticut, not just a few counties. "The effect of assuming a corporate name by a corporation under the law of its creation is to exclusively appropriate that name. It is an element of the corporation's existence." American Steel Foundries v. Robertson, supra, at 380. When the resemblance between business names is so close as to be likely to produce confusion as to such identity, a court will enjoin such appropriation by the offending business. Id. at 381.
For the foregoing reasons, we find that there is no adequate remedy at law for the protection of the plaintiff, and the continued use of the name Doctor Drain will cause irreparable harm to the plaintiff by the confusion that will exist in the mind of the public. Accordingly, we grant the plaintiff's prayer for relief in count one or an .injunction against the defendant's use of the name "Doctor Drain."
Count two of plaintiff's complaint claims damages based upon a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes sec. 42-110a
through 42-110q.
The following facts are relevant to the CUTPA issue. On December 21, 1989, the defendant was notified of the existence of the plaintiff corporation, and that the plaintiff objected to the defendant's use of the business name "Doctor CT Page 700 Drain." The defendant made no effort thereafter to discontinue the use of the name "Doctor Drain," but on the contrary continued the use of the name in his business and in his advertising by way of advertising in the telephone books and carrying the name on his trucks.
Conn. Gen. Stat. sec. 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
 In determining when a practice is unfair, we have "adopted the criteria set out in the `cigarette rule' by the federal trade commission. . . `(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is with in at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].' Conaway v. Prestia, [191 Conn. 484 492-93, 464 A.2d 847 (1983)], quoting FTC v. Sperry Hutchinson Co., 405 U.S. 233, 244-45 n. 5, 92 S.Ct. 898 31 L.Ed.2d 170 (1972)," A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215 (1990).
The first criteria of being within penumbra of an established concept of unfairness has been met under the facts in this case. The plaintiff had a duly registered corporation name in the State of Connecticut. The name of the plaintiff and the name used by the defendant are so similar as to cause confusion within the mind of the public, and the defendant failed to discontinue that use once informed by the plaintiff of the defendant's infringement on the plaintiff's business.
The second criteria has been met with the defendant's action being unethical, or unscrupulous. The defendant, upon being informed of the existence of the plaintiff and the problem posed, disregarded taking any action to remedy this situation. Knowing of the confusion that would arise from the continued use of the name "Doctor Drain", he continued operating his business under the same name. CT Page 701
Although no specific loss has been incurred by the plaintiff, the third criteria of causing substantial injury to consumers has been met. "CUTPA is not limited to providing redress only for consumers who can put a precise dollars and cents figure on their loss. To equate, as to the defendants, `ascertainable loss of money or property' with `actual damages in a particular amount' would render negatory a significant portion of CUTPA." Hinchliffe v. American Motors Corporation,184 Conn. 607, 618-19 (1981). In the present case, no dollar value can be put on confusion which may exist from the use of the two similar names. However, the lack of specific loss should not be a deterrent to finding a violation of CUTPA when that violation is known, is deliberate, and there is no desire shown to eliminate the problem. Id. at 618.
We conclude that there is a CUTPA violation in the present case. Under the circumstances, although we have considered punitive damages, we deem it sufficient to award $500.00 for plaintiff's attorney fees.
Accordingly, judgment may enter in favor of the plaintiff against the defendant by way of a permanent injunction against the defendant's use of the name "Doctor Drain", and five hundred dollars for attorney's fees.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT