[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Homecraft of Milford, Inc., seeks an injunction and other relief upon the claim that the defendant, Homecraft Construction Co., is wrongfully using a trade name created by the plaintiff and established commercially by the plaintiff's effort.
In its answer, the defendant denies that its business is substantially the same as the plaintiff's but admits that it has advertised its business at the site of construction of a new home on Derby-Milford Road in Orange, a town adjacent to Milford, in the area in which the plaintiff has both advertised and performed services. As a special defense, the defendant claims that the plaintiff's trademark or service mark registered with the Secretary of State was either not renewed or was allowed to expire and that the plaintiff has thereby waived any right to claim its infringement. At trial, defendant, by counsel, abandoned his Second Special Defense, in which he claimed that the plaintiff's corporate existence had lapsed and that the plaintiff thereby had waived any right to the name "Homecraft" and was estopped from asserting such a right. As a third special defense, the defendant claims that the plaintiff has committed laches by delaying in bringing this action for more than two years after the defendant claims to have begun using the name "Homecraft".
The plaintiff has denied the allegations of both of the remaining special defenses.
The Court finds the facts to be as follows: CT Page 3189
The plaintiff is a corporation established in 1978 by Raymond Mott, who had been engaged in carpentry, roofing and siding in the Milford area for many years. The plaintiff's first place of business was on Naugatuck Avenue in Milford. It subsequently moved to a different location which was marked first by a large sign bearing the name of the business and then by two neon signs. In the first few years of existence, the plaintiff spent up to $30,000 annually on advertising in various forms, including radio ads, sponsorship of athletic teams, signs, and large display advertisements in the Yellow Pages of the telephone directories of Milford, New Haven and Bridgeport. The plaintiff currently spends approximately $1,000.00 per month for large display advertisements in telephone directories, and the Court finds that it has spent at least $150,000.00 for advertising to build recognition of its name in the towns surrounding Milford since 1978.
The plaintiff's business consists of home remodelling, predominantly roofing, siding and installation of replacement windows and gutters in residential properties. A small percentage of its work has been other remodelling jobs, such as renovations of kitchens and bathrooms and construction of dormers and decks.
The plaintiff's home improvement business has attracted work predominantly in the City of Milford, where about eighty percent of its business has been done. The balance of its work has been in the surrounding towns of Orange, Stratford and Bridgeport. On one occasion the plaintiff served as general contractor for the building of an entire house in Prospect.
The defendant corporation was incorporated on January 26, 1988 by Victor DiBerardino, its sole shareholder. The defendant is engaged in the remodelling of houses, including renovations of kitchens and bathrooms, and construction of decks. About fifteen percent of its business has been construction of additions to houses. Like the plaintiff, the defendant acts as a general contractor, hiring subcontractors to perform much of the actual work it has contracted to do.
The defendant's certificate of incorporation identifies Milford as its location and place of business, and Mr. DiBerardino's business card bears a Milford telephone number. He estimates that five or six of the defendant's home improvement jobs in the three years of its existence have been in Milford and that most have been in the adjoining towns of Orange and some in Woodbridge, West Haven and Derby. CT Page 3190
Mr. Mott, the president of the plaintiff corporation, first became aware of the defendant in late 1988 or early 1989 when he saw the defendant's name on either a truck or a sign at a job site in Milford. Frederick Driend, a carpenter who had worked as a subcontractor for the plaintiff, also saw the defendant's sign at a job site and was incensed because he thought the plaintiff had failed to hire him to do carpentry work on a new job.
Mr. Mott immediately called Mr. DiBerardino at the telephone number listed on the sign he had seen and told him that his own business was known as "Homecraft" and that DiBerardino's company should not continue to use the name "Homecraft".
The Court finds that Mott called DiBerardino on a second occasion to complain of the use of the name after he had again seen the defendant's name on a truck or sign at the site of a home improvement project. Upon concluding that the defendant was continuing to use the name, the plaintiff caused a lawyer to notify the defendant of its objection in a letter dated February 20, 1990 and again in a letter dated June 20, 1990. Upon receiving no assurance of compliance with its request, the plaintiff initiated this action on December 11, 1990.
Since receiving notice of the plaintiff's claim of infringement of its right to exclusive use of the trade name "Homecraft", the defendant has engaged in no advertising other than posting of business signs on job sites and the use of its name and telephone number on two trucks used in the business.
Since the defendant began its operations in the Milford area, the plaintiff has received a number of calls from the defendant's customers who asked for "Victor" or demanded to know why a job was not progressing. A bank called the plaintiff with regard to a check issued by the defendant, and a former employee of the defendant went to the plaintiff's business premises in search of a W-2 form.
Prospective customers of the plaintiff on occasion indicated the impression that the plaintiff was performing a job nearby when in fact the defendant was doing the work. On one occasion, material ordered by the defendant was delivered to the plaintiff's place of business.
The Connecticut Supreme Court has held in Shop-Rite Durable Supermarket, Inc. v. Mott's Shop Rite of Norwich, CT Page 3191 Inc., 173 Conn. 261, 265 (1977) that "[n]o inflexible rule can be laid down as to what use of names will constitute unfair competition; this is a question of fact. The question to be determined is whether or not, as a matter of fact, the name is such as to cause confusion in the public mind as between the plaintiff's business and that of the defendant, resulting in injury to the plaintiff. The test is whether the public is likely to be deceived. . . . If the court finds that the effect of appropriation by one corporation of a distinctive portion of the name of another is to cause confusion and uncertainty in the latter's business, injure them pecuniarily and otherwise, and deceive and mislead the public, relief will be afforded."
This Court finds that the defendant's use of the word "Homecraft" in the name of the home improvement business operating in the area around Milford is likely to confuse and mislead the public into thinking that the defendant is the same company that has been operating in the area since 1978. "Homecraft" is obviously the key word in both names, and a person using such reasonable care and observation as the public may generally be expected to exercise is likely to mistake one company for the other. Shop-Rite, supra, at 266; Middletown Trust Co. v. Middletown National Bank, 110 Conn. 13,14, 7A. 22.
The plaintiff has established not only the likelihood of confusion but many actual instances of confusion, including situations in which the acts or omissions of the defendant could mistakenly be held against the plaintiff's reputation, as in calls about tardy work or a question about a negotiable instrument.
While the defendant has refrained from advertising in the Yellow Pages or elsewhere during the pendency of this dispute, future visibility of the defendant, by expanded advertising or by the continued use of the signs at work sites, is likely to produce confusion in the future.
The defendant devoted a substantial portion of its evidence to an effort to show that the two businesses do not perform the same type of remodelling services. While roofing, siding and installing of windows have formed only a small part of the defendant's activities to date, the Court finds that the plaintiff does in fact also seek and perform several kinds of jobs of the same variety as the defendant: building decks, renovation of kitchens, installation of dormers, and, occasionally, construction of an entire house. In Yale Co-operative Corporation v. Rogin, 133 Conn. 563
(1947), the defendant was publishing a limited range of books CT Page 3192 under the name "Yale Co-op Books". His business certainly was somewhat different from the broader retail and book-selling activities of the plaintiff Yale Co-operative Corporation, however the court found injunctive relief appropriate.
The defendant's reliance on Cobbs of Hamden, Inc. v. Cobbs Florida Cupboard of Chapel Square New Haven, Inc.,27 Conn. Sup. 193 (1967) is misplaced. In that case, injunctive relief was denied not because of the dissimilarity of the parties' businesses but because the plaintiff was found to have proven only a fear of confusion, not actual confusion. Cobbs of Hamden, Inc., supra at 198.
While the plaintiff did not establish that it had registered the trade name "Homecraft of Milford, Inc.", the defendant did so only after the institution of this action. As in Shop-Rite, supra, the common law right of a business to protect the use of a name it has established over time through its efforts and advertising is not defeated by failure to register it.
The defendant's claim that it was unaware of the plaintiff's existence or use of the name "Homecraft" is not significant since fraudulent intent is not an element of the plaintiff's claim Shop-Rite, supra, at 266.
The Court is not convinced by the defendant's claim that "Homecraft" is a generic term or a term of general description. No evidence was adduced to indicate any general use of the term as was the case in Professional Equipment Company v. Cardinal, 15 Conn. Sup. 384, 386-87 (1948).
The remaining special defenses are not meritorious. The plaintiff's president called the defendant's president and asked him to stop doing business as "Homecraft" as soon as he saw the defendant's truck or sign bearing the name. Mr. Mott renewed his request some months later and he caused the company's attorney to send letters of complaint to the defendant on February 20, 1990 and June 20, 1990. Knowing of the complaints, the defendant limited its advertising to its signs at job sites, the signs on the trucks and business cards, for which it spent approximately $3,500.
Laches consists of an inexcusable delay which prejudices the defendant. Cummings v. Tripp, 204 Conn. 67, 88 (1987); Danaher v. C.N. Flagg Co, 181 Conn. 101, 107 (1980). The plaintiff used reasonable efforts to get the defendant to stop using the name "Homecraft" before instituting this litigation. It was not unreasonable to attempt to resolve CT Page 3193 the dispute without litigation, nor has the defendant shown that it was unduly prejudiced, since it continued to know of the plaintiff's position and to tailor its advertising expenditures accordingly.
As to its First Special Defense, the plaintiff's failure to register and keep in effect a service mark registration does not, according to the holding in Shop-Rite, supra, defeat its common law cause of action.
The plaintiff has established its entitlement to injunctive relief, however such relief should be narrowly tailored to the circumstances of the case. Shop-Rite, supra, at 262, 269.
Accordingly, it is ordered:
That the defendant and its agents, servants, officers and employees be and hereby are enjoined from the use of the term "Homecraft" in advertisements, and in the operation of any business engaged in whole or in part in the remodelling of residential properties or home improvements in Milford, Orange, Stratford or Bridgeport.
The plaintiff shall recover its costs.
Beverly J. Hodgson Judge of the Superior Court