[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action in one count seeking a temporary and permanent injunction to prohibit defendant from using "the trademarks `Effie' or `Effie's' together with or apart from any design and/or logo used in connection therewith. . . [in] the territory [sic] of Connecticut." He also seeks damages.
In October of 1990 plaintiff opened a restaurant on Park Road in West Hartford, Connecticut under the name "Effie's Place Family Restaurant." The sign over the door reads, "Effie's Place Restaurant." He served breakfasts, lunches and dinners seven days per week from his opening until now. He advertises his restaurant in several area newspapers and a "lot of church bulletins."
In the summer of 1992 the defendant opened a "pizza eatery" on the Silas Deane Highway in Wethersfield, Connecticut. The sign over his door reads, "Effie's Pizza Eatery." In the window below the sign a neon sign reading "BREAKFAST" appears.
The lettering, the coloring and the wording of the signs of the two "restaurants" are not at all similar except CT Page 7951 for the use of "Effie's".
The plaintiff does not sell pizza.
In his request for relief plaintiff claims a trademark in "Effie" or "Effie's". This was not proven. He did not prove the right to a trade name under C.G.S. 35-1. The court treats plaintiff's claim as a common law action for unfair competition for the use of the word "Effie's".
Plaintiff has not proven that the expression "Effie's" has come to be associated solely with his restaurant.
Law
 "The common-law rule concerning unfair competition in the use of trade names was reaffirmed in Yale Cooperative Corporation v. Rogin, 133 Conn. 563, 571, 53 A.2d 383: "`No inflexible rule can be laid down as to what use of names will constitute unfair competition; this is a question of fact. The question to be determined is whether or not, as a matter of fact, the name is such as to cause confusion in the public mind as between the plaintiff's business and that of the defendant, resulting in injury to the plaintiff. The test is whether the public is likely to be deceived. . . If the court finds that the effect of appropriation by one corporation of a distinctive portion of the name of another is to cause confusion and uncertainty in the latter's business, injure them pecuniarily and otherwise, and deceive and mislead the public, relief will be afforded. . . . It is not sufficient that some person may possibly be misled but the similarity must be such that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would be likely to mistake one for the other.' Middletown Trust Co. v. Middletown National Bank, 110 Conn. 13, 20, 147 A. 22." This rule is consistent with the general holding that if there is sufficient similarity of names to deceive, it is not necessary to establish a fraudulent intent in the use of the CT Page 7952 name. Holmes Booth Haydens v. Holmes, Booth Atwood Mfg. Co., 37 Conn. 278; annot., 66 A.L.R. 948, 954. A trade name will be protected but not "until it has in fact become in the market the name for goods or services coming from or through a particular source or the name for a particular business. This special significance, once acquired, is thereafter its primary meaning in the market, though lexicographically it may have an earlier, different meaning." Restatement, Torts 716, comment a."
Shop-Rite Durable Supermarket, Inc. v. Mott's Shop Rite,173 Conn. 261, 265-266.
Whether or not defendant's use of the name does amount to unfair competition can only be decided by the court on a case by case basis. Yale Co-op. Corp. v. Rogin, 133 Conn. 563,572, 52 atl 2d 383, [52 A.2d 383]; Middletown Trust Company v. Middletown National Bank, 110 Conn. 13, 20,145 atl 22, [145 A.2d 22]. That decision must be based on the answer to the question of whether the name selected by the concern which last entered the field is so similar to the name of the first concern that the buying public will probably be confused. This question is for the court to decide, and is to be determined primarily by an appeal to the eyes and ears of the Court. Costs v. Merrick Thread Co., 13 Sup. Ct. 966, 149 U.S. 562; William v. Brooks, 50 Conn. 278; Drummond Tobacco v. Addison Tinsley Tobacco, 50 No. App. 10.
Mere use of another's name is not always sufficient to amount to unfair competition, but a use in connection with a concern which is engaged in a business that is in direct competition with the complainant, or in a closely allied business, is likely to result in a confusion and deception of the public. This result the law will prevent by injunction. Middletown Trust Co. v. Middletown National Bank, (supra); Holmes, Booth Hayden v. Holmes, Booth Atwood Mfg. Co.37 Conn. 278, 295.
The reason for the sparseness of the presently known and reported confusion becomes apparent when we consider the very short length of time that the defendant has been in business. CT Page 7953
It is true that if every customer read every advertisement with scientific care and great concern for accuracy, no misleading and confusion would be likely to result. But as was said in J.N. Collins Co. v. F.M. Faist Co., 14 F.2d 614, [14 F.2d 614], 616, "The law is not made for the protection of experts, but for the public — that vast multitude which includes the ignorant, the unthinking and the credulous, who, in making purchases, do not stop to analyze, but are governed by appearances and general impressions." In the Connecticut case of Williams v. Brooks, (supra) at 283 the casual attitude of the public was also recognized when the court said, "It is a matter of common knowledge that many persons are in a greater or less degree careless and unwary in the matter of purchasing articles for their own use; but their patronage is not for that reason less profitable. . . " To the same effect is Meriden Britannia v. Parker, 39 Conn. 450,455. In other jurisdictions the law is to the same effect. Smyth Sales Corporation v. Kaveny et al.,109 N.J. Eq. 138, 156 A. 322; Furniture Hospital v. Dorfman,179 Mo. App. 302, 166 S.W. 861.
At the time when the defendant was considering what name to select for his pizza business he did not know of plaintiff's business, its location, or its name.
The defendant chose his wife's name for the restaurant and that is an appropriate choice. cf. Daughters of Isabella, (supra) at 682; Gannett v. A. Schmitt Jr. Bros., 256 F. 943; Williams v. Brooks, (supra) at 283. However, if a person enters a field under a name already in use in that field, any doubts as to the probability of confusion will be resolved against the later entrant. Standard Oil v. Michie, 34 F.2d 802, [34 F.2d 802]; Yale Electric v. Robertson, 21 F.2d 467, [21 F.2d 467], modified by26 Fed, 2d 972, [26 F.2d 972].
Having selected the name "[it] ought to use it under such circumstances and with such precautions that the reasonable probability of error should be avoided, notwithstanding the want of care and caution which is so commonly exhibited in the course of human affairs." Williams v. Brooks, (supra) at 284. This the defendant did not do.
The names of the two business places are rather different and each relates to the methods of use of the name CT Page 7954 by its user. A pizza eatery does not conjure up an Effie's Place Restaurant and vice-versa. Such distinctions are not minor. To the ordinary purchaser, they are sufficient to exculpate defendant from its affirmative duty to prevent confusion. Yellow Cab of New Orleans v. Jones, 156 La. 837,101 So. 216; Silk Mfg. Co. v. Sterling Silk Co., 59 N.J. Eq. 394,46 A. 199.
Plaintiff and defendant do not compete directly as to all the items each sells, but the evidence shows that they do compete directly with each other in some aspects of the restaurant business.
What the injunctive power is meant to prevent is the unfairness, and that can result from the public thinking that plaintiff and defendant are the same or that defendant is a branch of plaintiff, or that they are in any way affiliated. As was said by L. Hand, J. in Standard Oil of New Mexico v. Standard Oil of Cal., 56 F.2d 973, [56 F.2d 973], 979, "His mark is his authentic seal; by it he vouches for the goods which bear it; it carries his name for good or ill. If another use it he borrows the owner's reputation, whose quality no longer lies within his own control. This is an injury though the borrower does not tarnish it or divert any sales by its use; for a reputation like a face, is the symbol of its possessor and creater and another can only use it as a mask."
Plaintiff has not proven public confusion of any moment.
Plaintiff has not proven that he has so used the name Effie's in connection with his business that the name has become the true identification of plaintiff to the public and has acquired a secondary meaning and that when a restaurant diner thinks "Effie's" he thinks of plaintiff.
Plaintiff has not proven that he has built up the equivalent of a trademark for which the law will give the same protection, Holmes, Booth Haydens v. Holmes, Booth Atwood, 37 Conn. 278.
Judgment for defendant.
N. O'Neill CT Page 7955